UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DOMINIC CENTONZE,

                Petitioner,

v.

RICHARD DEVLIN, Otsego County Sheriff,

                Respondent.

9:18-CV-0911
(BKS/TWD)

---

APPEARANCES:

RANDEL A. SCHARF
Attorney for Petitioner
33 Lake Street
Cooperstown, NY 13326

BRENDA K. SANNES
United States District Judge

OF COUNSEL:

## DECISION and ORDER

**I.  INTRODUCTION**

On August 3, 2018, petitioner Dominic Centonze filed a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as various state court records. Dkt. No. 1, Petition ("Pet."); Dkt. 1-1, Exhibits ("Ex."). Petitioner has paid the statutory filing fee. Dkt. Entry dated 08/03/18. For the reasons that follow, the petition is dismissed without prejudice to refiling once petitioner has exhausted his claims in state court.

**II.  THE PETITION**

It appears petitioner is challenging the pretrial detention and ultimately unfavorable determination by a state court judge in Otsego, New York after a parole violation hearing.

*See* Pet. at 1; Ex. at 33-34.¹  Sentencing on the violation has not yet occurred.

Petitioner pled guilty to a specific provision of the unlawful surveillance statute and, on or about April 6, 2018, was sentenced to six months in jail and a ten year term of probation. Pet. at 1; Ex. at 3.  On April 9, 2018, petitioner was released from jail.  Ex. at 28.  A probation officer conducted a home visit at petitioner's residence the following day.  *Id.*  Immediately thereafter, the probation officer filed a declaration of delinquency against petitioner and petitioner was remanded to jail for seventy days pending his hearing on the alleged violation of probation.  *Id.* at 19, 29-33.

On July 13, 2018, petitioner appeared in Otsego County Court for a hearing on his motion to set aside his sentence and determine whether there was a violation of probation. Pet. at 3; Ex. at 15-36.  The court ruled that "[t]he sentence which [petitioner] agreed to serve called for him to be sentenced under a different subsection of the unlawful surveillance statute," with a maximum term of five years of probation.  Ex. at 17-18.  Accordingly, the court set aside petitioner's sentence and resentenced him to six months of jail and a five year term of probation.  Pet. at 1; Ex. at 18.  The conditions of release that were originally imposed remained in place when petitioner was resentenced.  Ex. at 21.  Additionally, the court found "credible proof" that petitioner engaged in "a direct and clear violation" of his probation.  *Id.* at 34.  The court ordered that petitioner remain "remanded pending his sentencing date" of August 17, 2018.  *Id.* at 36.

Petitioner also filed a collateral attack on his proceedings pursuant to New York Criminal Procedure Law 440.20.  Pet. at 4.  The petitioner was "found to have violated [the]

---

¹ Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

terms of [the] vacated sentence on probation." *Id.* at 5. Petitioner did not directly appeal his original conviction or any of the subsequent motions he filed. *Id.*

Petitioner contends that he is entitled to federal habeas relief because petitioner is "being held illegally for violating the terms of an illegally imposed, vacated conviction." Pet. at 5. For a more complete statement of petitioner's claims, reference is made to the petition.

## III. DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that the petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."

*O'Sullivan*, 526 U.S. at 845.

Here, the probation revocation proceedings against petitioner are ongoing. "Any state court appeal from the decision revoking probation may not be taken until after he is sentenced on [August 17, 2018]." *Keyes v. Apple*, No. 9:16-CV-1111 (MAD/ATB), 2016 WL 4997640, at *2 (N.D.N.Y. Sept. 19, 2016) (citing *People v. Costanza*, 281 A.D.2d 120 (3d Dep't. 2001) (deciding appeal from final judgment revoking a defendant's probation), *lv. denied* 96 N.Y.2d 827 (2001)). Accordingly, the highest state court capable of reviewing petitioner's claims has not yet had the opportunity to do so. *See, e.g., Simone v. Lewin*, No. 1:05-CV-8925, 2006 WL 2468624 at *1-5 (S.D.N.Y. Aug. 11, 2006) (deciding federal habeas petition brought pursuant to section 2254 in which the petitioner challenged the revocation of probation after he was sentenced for the violation, appealed from the judgment, the Appellate Division affirmed, and the New York Court of Appeals denied leave to appeal further).

There is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). "Petitioner has available state court remedies, and once the probation revocation proceedings against him have concluded, and his appeals and/or other state court collateral proceedings, if necessary, are exhausted, he may then seek federal habeas relief." *Keyes*, 2016 WL 4997640, at *2. It is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

4

Based on the foregoing, the exhaustion requirement has not been met; thus, the petition is premature. This action is dismissed without prejudice to re-filing once petitioner has pursued and exhausted all the claims he wants to raise in the state courts. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[2]

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[3] Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in

---

[2] The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

[3] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

5

accordance with the Local Rules.

Dated: August 14, 2018

Brenda K. Sannes
U.S. District Judge